**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SHONDELL KILLEBREW,**

**Plaintiff,**

**v.** **Case No. 26-CV-1180**

**HEATHER RIEHLE VOGEL, *et al.*,**

**Defendants.**

---

## ORDER

---

Plaintiff Shondell Killebrew, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Killebrew also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

The court has jurisdiction to screen the complaint in light of Killebrew's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

On July 6, 2026, Killebrew filed a motion to proceed without prepayment of the filing fee (*in forma pauperis*). (ECF No. 2.) Because the court finds that Killebrew is indigent, the court grants his motion.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

While Killebrew is not proceeding *in forma pauperis* because he paid the full filing fee, district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court construes *pro se* complaints liberally and holds them to a

less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Killebrew's Allegations*

Killebrew alleges that on October 17, 2022, he went to the parole office to report an incident involving his ex-girlfriend to his parole officer. (ECF No. 1 at 2-3.) Upon entering the office, he was immediately taken into custody. (*Id.* at 3.) He states that defendant Marqueleana McMurtry, his parole officer, in pursuing revocation of Killebrew's parole relied solely on hearsay statements that were false from his ex-girlfriend, the alleged victim. (*Id.* at 3-4.) He further states that McMurtry's supervisor, Heather Riehle Vogel, also participated in bringing only this evidence and no favorable evidence before the administrative law judge. (*Id.* at 6.) This resulted in Killebrew's parole being revoked, and he was in custody from October 17, 2022, to his release "in approximately February 2024." (*Id.* 7-8.)

*Analysis*

Killebrew claims that the defendants violated his due process rights under the Fourteenth Amendment by relying on false and hearsay evidence to effectuate his revocation. He also claims that the defendants committed a "Brady violation" by withholding favorable evidence.

The first question the court must ask is whether finding in Killebrew's favor "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Killebrew claims is that the revocation of his parole was erroneous because it was based on false evidence and impermissible

hearsay as well as the defendants withholding evidence favorable to him. If the court were to find in Killebrew's favor, it would imply that the revocation of his parole was invalid. *See Peet-williams v. Hamilton*, 20-cv-420-pp, 2021 WL 212235 at *2 (E.D. Wis. Jan. 21, 2021) (finding that, where a plaintiff's claims related to evidence introduced at a parole revocation hearing implied the invalidity of his parole revocation, plaintiff's § 1983 claim must be dismissed).

This holds true even if Killebrew is out of custody. *Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023) (holding that *Heck* applies unless the parole revocation was invalidated). Killebrew must pursue his remedies in state court. If he succeeds in getting his revocation overturned, he may then pursue a claim under § 1983.

**CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Killebrew's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Killebrew may pay the $350.00 balance of the filing fee to the Clerk of Court from time to time as he is able.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed.

R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of October, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge